**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,** | ) ) ) | **CASE NO. 8:04CV276** |
| **Plaintiff,** | ) ) ) | |
| vs. | ) ) ) | **AMENDMENT TO ORDER ON STIPULATION AND CONSENT** |
| **FIVE POINTS BANK, of Grand Island Nebraska, as Personal Representative of the Estate of Rodney R. Chitty; TRUDI R. HENKE, individually and on behalf of all minor offspring of Trudi R. Henke and Rodney R. Chitty, and MITCHEL CHITTY, minor offspring of Trudi R. Henke and Rodney R. Chitty et al., and TWYLA DAWN BURMEISTER, individually and on behalf of all minor offspring to Twyla Dawn Burmeister and Rodney R. Chitty, and MIRISSA L. CHITTY, minor offspring of Twyla Dawn Burmeister and Rodney R. Chitty,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants and Cross Claimants.** | ) ) ) | |

This matter is before the Court on the Stipulated Request to Amend (Filing No. 70). The Defendants seek to amend the Court's Order on Stipulation and Consent, wherein the Court ordered at paragraph 5: "The Complaint and all claims, specifically including all cross-claims in this matter, are dismissed with prejudice, consistent with the parties' Stipulation." (Filing No. 69). In the Stipulated Request, the Defendants ask the Court "to restore the Complaint to the active docket concerning the Plaintiff's obligation under the noted additional policy claims. . . ," referring to the Defendants' claims for benefits under

a group insurance policy's Accidental Death and Dismemberment provision and the Seat Belt / Air Bag provision (hereafter "AD&D provisions.")

There are problems with Defendants' Stipulated Request to Amend. First, Defendant Twyla Dawn Burmeister's Counterclaim against Liberty Lobby has been dismissed without prejudice. (Filing No. 31). In the Memorandum and Order dismissing Burmeister's counterclaim against Liberty Life without prejudice, the Court acknowledged that Burmeister and her child may claim additional benefits from Liberty Life based on the AD&D policy. The Court noted, however, that those "claims have been suspended pending the resolution of a case with similar issues now pending before the U.S. Court of Appeals for the Eighth Circuit." In making that notation, the Court cited to both Burmeister's Answer and Liberty Life's brief in support of its Motion to Dismiss. (Filing No. 31, n.1). I find that the Defendants' claims under the AD&D provisions were not properly presented in this case. Because the parties expressed their intention that those "suspended" claims should not be resolved by this Court, the Defendants' request that I "restore" the Complaint would not have the desired effect of resurrecting a claim for relief.

The second problem with the Stipulated Request to Amend is that Plaintiff Liberty Life Assurance Company of Boston ("Liberty Life") has been dismissed from this case (Filing No. 34), and Liberty Life did not execute the Stipulated Request to Amend.

Based on these considerations, I will grant the Defendants' Stipulated Request to Amend, but only to clarify that the Defendants' counterclaims, if any, for benefits under the AD&D and Seat Belt/ Air Bag provisions are dismissed without prejudice. Accordingly,

IT IS ORDERED:

A. The Stipulated Request to Amend Filing No. 69 is granted in part; and

B. The Order on Stipulation and Consent is amended by striking the paragraph numbered 5, and substituting the following language in its place:

"5. Any claim that the Defendants may have against Plaintiff Liberty Lobby Assurance Company of Boston for benefits due to them under the Accidental Death and Dismemberment provisions and the Seat Belt / Air Bag provisions of Group Life Insurance Policy No. SA3-XXX-XXXXXX-XX are dismissed without prejudice; and the Complaint and all other claims in this matter, specifically including all cross-claims, are dismissed with prejudice."

DATED this 31st day of October, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge